COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

JULIAN MARTINEZ,                                          )

                                                                              )              
No.  08-03-00240-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )          
County Criminal Court #2

THE STATE OF TEXAS,                                     )

                                                                              )           
of El Paso County, Texas

Appellee.                           )

                                                                              )              
(TC# 20020C17414)

                                                                              )

 

 

O
P I N I O N

 

Appellant appeals
from a conviction of the offense of driving while intoxicated.  After a jury found the Appellant guilty, the
trial court assessed punishment at 180 days=
confinement, probated to 18 months of community supervision, and a fine of
$1,000.  On appeal, Appellant raises a
single issue:  whether the trial court
erred in refusing to submit to the jury his request for a special charge.  We affirm.








On November 10,
2002, El Paso Police Officer Alejandro Guerra and his partner Officer Alejandro
Anaya were stopped at the red light at the intersection of Paisano and South El
Paso Street, facing eastbound on Paisano, when Officer Guerra witnessed the
Appellant driving his car north on South El Paso Street, approach the
intersection and make an improper left turn. 
Appellant entered the intersection, angling his car to make a right turn
and then he crossed over two lanes of traffic and turned left instead.  This behavior prompted Officer Guerra to make
a

u-turn and follow the Appellant.

Officer Guerra
observed the Appellant straddling lanes before coming to a stop at a red
light.  As soon as the traffic light
turned green, Officer Guerra attempted a traffic stop by turning on the patrol
car=s lights and siren.  Appellant pulled over and Officer Guerra
walked up to the driver=s
side door and the Appellant rolled down his window.  Appellant was the only occupant of the
vehicle.  Officer Guerra testified that
as soon as the Appellant rolled down the window, he could smell a strong odor
of alcohol coming from inside the vehicle. 
He also noticed the Appellant had red bloodshot eyes and had a glossy
look to him.

Officer Guerra
told the Appellant that he was being stopped because he made an improper left
turn and that he failed to signal intent. 
Appellant then told Officer Guerra that he committed the traffic
violation because he did not know where he was going.  Officer Guerra noticed that Appellant=s speech was slurred.  Officer Guerra then asked Appellant to exit
the vehicle and it was then that he noticed Appellant staggering.  The Appellant then agreed to perform the field
sobriety tests which resulted in providing Officer Guerra with clues that the
Appellant was intoxicated.  Officer
Guerra testified that of eighteen clues that can be detected from the field
sobriety tests, the Appellant displayed sixteen.








After they
finished the field sobriety tests, Officer Guerra escorted the Appellant to the
patrol vehicle and handcuffed him. 
Officer Guerra then advised the Appellant of the statutory warnings
contained in Form DIC 24 which advised the Appellant that a breath test was
being requested and that he could refuse to provide one.  Officer Guerra testified that he read the
form word by word to the Appellant.  He
testified that Appellant was advised that if he refused to give a sample, he
would be taken into custody and that if he blew below a 0.08, a responsible
person will be called to take custody of him. 
Appellant refused to take the breath test.  Appellant=s
vehicle was then impounded.

Appellant was
transported to the Central Regional Command Center, where at the time, the
videotaping equipment was not working. 
Since the Appellant refused to provide a breath sample, Officer Guerra
was going to videotape the Appellant performing the field sobriety tests.  After realizing that the video recording
equipment was not working, Officer Guerra called in Officer Andy Rodriguez, who
had recording equipment in his patrol vehicle. 
Officer Rodriguez testified that he took the videotape of the Appellant
at the command station.  The video tape
was taken outside and the Appellant was not wearing shoes at the time.  He testified that it is proper to perform the
tests without shoes.








The Appellant
testified on his own behalf.  Appellant
testified that on the evening of November 9, he had gone to Juarez to exercise
at a gym and that he worked out until about 11 p.m.  He then went to a friend=s house, had two beers which he
finished by 12:30 a.m., and left there to return to El Paso at around 1:30
a.m.  He testified that he was driving on
the left lane of El Paso Street, which has three lanes, traveling northbound
when he approached the Paisano intersection and signaled to make a turn.  He testified that the light at the
intersection was green and that he never made a stop.  He saw the police officers when he made the
turn.  Once he was pulled over, he
testified that he performed the sobriety tests .  He further stated that he was surprised that
he was arrested.  He testified that once
he was in handcuffs in the back seat of the patrol car, he was asked if he
wanted to take a breath test.  He
declined.  He testified that he did not
remember being told anything regarding his refusal to take the breath test.

After both sides
closed, there was a discussion regarding jury charges requested by the
Appellant.  Appellant requested four
special jury charges of which three had to do with the issue of whether he had
been given the statutory warnings regarding the request for a breath test.   Appellant has only raised issue with the
trial court=s refusal
to submit Jury Charge No. 3.  The trial
court denied Appellant=s
request noting that such issues resolved themselves since they all went to the
contents of DIC-24 form, which, in this case, had the box reading Asubject refused@
to take breath test checked and the officer=s
signature it, but without the Appellant=s
signature.  The jury found the Appellant
guilty, and the trial court assessed punishment at 180 days= confinement, probated to 18 months of
community supervision, and a fine of $1,000. 
Appellant filed a motion for new trial which was overruled by operation
of law.

Appellant=s sole issue on appeal is whether the
trial court erred in refusing to include the requested special charge number
three in the jury instructions.  Appellant
argues that the evidence regarding the refusal to take a breath test was
illegally obtained because the mandatory statutory warnings advising Appellant
of the consequences of refusing to submit to a breath test were not given.  Appellant argues that failure to provide such
instruction violated Article 38.23(c) of the Texas Code of Criminal
Procedure.  Appellant further argues that
because the Appellant testified that he was not given the statutory warnings,
he raised an issue concerning whether the evidence of his refusal to submit to
the breath test was legally obtained and should have been admitted into
evidence against him.  








The State argues
that there was no violation of Article 38.23(c) because the evidence presented
at trial did not properly raise the issue. 
The State argues that the Appellant had the burden of showing a causal
connection between the improper warning and the decision to submit to a breath
test, and that since the Appellant failed to show such causal connection, Article
38.23 cannot be invoked to exclude the evidence.

The requested
charge read as follows:

Section 724.015 of the Transportation
Code requires a person suspected of DWI be warned that his license will be
suspended automatically if either he refuses to take a breath or blood test
upon request or a test indicates his blood alcohol level is 0.10 or greater.

 

Now, bearing in mind these
instructions, if you find that the Defendant herein, Julian Martinez, Jr., was
not warned that this [sic] license would be suspended automatically if either
he refused to take a breath or blood test upon request or a test indicates his
blood alcohol level is 0.10 or greater, or you have a reasonable doubt thereof,
then you will disregard all testimony relative to the breathalyzer test and not
consider such evidence for any purpose whatsoever.

 

The current
version of the Texas Transportation Code provides that a person arrested for
DWI must be informed that, if the person is twenty-one years of age or older,
submits to the taking of a specimen, and the specimen shows that the person had
an alcohol concentration of a level specified by Chapter 49 of the Texas Penal
Code, then the person=s
license to operate a motor vehicle will automatically be suspended for not less
than ninety days.  Tex.Transp.Code Ann. ' 724.015(3)(Vernon 2005).  A person must also be warned that two
specific consequences will result from a refusal to submit to a breath
test:  (1) evidence of the refusal is
admissible against the person in court; and (2) the person=s driver=s
license will be suspended automatically for not less than 180 days.  Tex.Transp.Code
Ann. '
724.015(1), (2).

Article 38.23 of
the Texas Code of Criminal Procedure states, in relevant part, as follows: 

No evidence obtained
by an officer or other person in violation of any provisions of the
Constitution or laws of the State of Texas, . . . shall be admitted in evidence
against the accused on the trial of any criminal case.








Tex.Code
Crim.Proc.Ann. art. 38.23 (Vernon 2005). 
Evidence is not Aobtained
. . . in violation of@
a provision of law if there is no causal connection between the illegal conduct
and the acquisition of the evidence.  Gonzales
v. State, 67 S.W.3d 910, 912 (Tex.Crim.App. 2002).  The burden is on the defendant to show a
causal connection between the improper warning and the decision to submit to a
breath test.  See Sandoval v. State,
17 S.W.3d 792, 796 (Tex.App.--Austin 2000, pet. ref=d);
Tex. Dep=t of Pub.
Safety v. Rolfe, 986 S.W.2d 823, 827 (Tex.App.‑-Austin 1999, no
pet.).

In this case,
there was conflicting evidence regarding the fact issue of whether the
Appellant was given the statutory warnings. 
Office Guerra testified that he provided Appellant with the statutory
warnings.  The Appellant testified at
trial that he was asked if he wanted to take a breath test and that he
declined.  He further testified that he
did not remember being told that if he passed the breath test, that he would be
released.  He also did not remember the
officer telling him that his driver=s
license would be automatically suspended for a 180-day period if he did not
take the intoxilyzer test.  He was not
told that the refusal to take the breath test could be used against him in
court.  The Appellant did not, however,
testify that had he been given the statutory warnings, his decision regarding
taking the breath test would have been affected.  There must be a causal connection between
Appellant=s refusal
to take the breathalyzer test and the alleged violation of Section 724.015(2)
of the Texas Transportation Code.  Appellant=s testimony did not provide the
necessary causal link between no statutory warnings and his decision not to
take the breath test.  In this respect,
there is a missing link between the alleged unlawful behavior and the Appellant=s refusal to take the breath test.  We find that the Appellant failed to show a
causal connection and overrule Issue One.








The judgment of
the trial court is affirmed.

 

 

April
7, 2005

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.

 

(Do Not Publish)